Mr. Chief Justice Johnson delivered the opinion of the Court. The first plea interposed by the defendant below, was manifestly bad, and wholly inadmissible under the circumstances of the case. The question of indebtedness was not enquirable into in the face of the judgment, which was absolutely conclusive as to that matter. The plea of nil debet would, without a doubt, be inadmissible as a defence to a domestic judgment, and if so, it would be equally so when tendered as a defence to a judgment of a sister State. This court, in the case of Barkman v. Hopkins et al., (6 Eng. Rep. 166,) when expounding the act of Congress, in relation to the force and effect of the judgments of one State, when made the subject of judicial consideration in another, said: “The object of the act of Congress was to conclude the parties every where from re-investigating facts which had been submitted by them to a competent tribunal to decide, when once decided, not to bind them to abide a'decision and adjudication to which one of the parties had never submitted. It was intended to put a stop to investigation and re-investigation, by denying to the-parties, who had once litigated their claims, the privilege of of opening the issues thus made and closed by solemn adjudication.” If the defendant was not indebted to the plaintiff’s at the time of the rendition of the judgment against them, it was then his undoubted right to have interposed such a defence as to have called for proof of that fact from his adversary, and to have entitled him to a judgment in his favor in case of a failure of such proof. This being a matter fit and proper to be litigated in the course of that proceeding, the legal presumption is that he then and there availed himself of all his legal rights, and as a necessary result of this presumption, he is now estopped to present it here for re-investigation. This plea does not question the jurisdiction of the court that rendered the judgment, but virtually admits it. It is therefore wholly inadmissible as a defence to the present action, and consequently was properly stricken out. The fourth plea is that the court, which rendered the judgment, had no jurisdiction of the subject matter of the suit. This, for a like reason was properly stricken out. This plea does not deny that the defendant was served with process, or that he was present at the trial in the court of Alabama, when and where the judgment was rendered against him; but, on the contrary, it is a virtual admission of both. This being the legal presumption, at least so far as this plea goes, the question then recurs as to the conclusiveness of the judgment in respect to the jurisdiction over the subject matter. If the matter set up here by this plea, was fit and proper to be litigated, and settled by that court before the rendition of the judgment upon the merits, it is clear from the doctrine of the case already referred to that it cannot be presented here for re-adjudication. That such a defence might have been interposed to the action in that court, in case the defendant had desired to do so cannot admit of a doubt, and consequently whether he actually availed himself of his right in that respect or not, cannot now be a matter material, as he is concluded by the judgment. The matter set up in this plea is a defence of common occurrence before judgment, but cannot be admitted after-wards in a suit upon the judgment, as that would be to bring the same matter in litigation a second time, which is positively forbidden by an inflexible rule of law. It is also assigned, for error that the circuit court found that there was such a record as the one declared upon. We have examined the transcript carefully, and have not been able to perceive any material variance. There being no error in the judgment of the court below, the .same is in all things affirmed.